**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 2 8 2005

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

COBB AMBULANCE SERVICE, INC.          :
:
Plaintiff,                            :   CIVIL ACTION FILE
:
:   NO. _____
vs.                                   :   **1:05-CV-0560**
:
GOLD CROSS AMBULANCE SERVICE, INC.;   :
ERIC REGAN; TEENA REGAN; EDMOND G.    :   **-CC**
HAINES; PUCKETT EMERGENCY MEDICAL     :
SERVICES, INC.; STEVEN K. PUCKETT;    :
JOHN D. NORTON; RICKIE S. GARRISON;   :
METRO-ATLANTA AMBULANCE               :
SERVICE, INC.; PETER E. QUINONES;     :
MICHAEL JERNIGAN, and JOHN DOES       :
1 – 5,                                :
:
Defendants.                        :

### COMPLAINT

Plaintiff, COBB AMBULANCE SERVICE, INC. ("Cobb Ambulance"), by

and through counsel, alleges as follows:

### THE PARTIES, JURISDICTION & VENUE

1.     Plaintiff Cobb Ambulance is a corporation existing pursuant to the laws of

Georgia.

FORMS RECEIVED
Consent To US Mag. _____
Pretrial Instructions _____
Title VII NTC _____

2.    Defendant Gold Cross Ambulance Service, Inc. ("GCAS") is a Georgia corporation with its principal place of business in Cobb County, Georgia.

3.    Defendant GCAS is subject to the jurisdiction of this Court.

4.    Defendant Eric Regan is an individual and, upon information and belief, a resident of Cobb County, Georgia.  Upon information and belief, Defendant Eric Regan was and is a director, officer or agent of Defendant GCAS.

5.    Defendant Eric Regan is subject to the jurisdiction of this Court.

6.    Defendant Teena Regan is an individual and, upon information and belief, a resident of Cobb County, Georgia.  Upon information and belief, Defendant Teena Regan was and is a director, officer or agent of Defendant GCAS.

7.    Defendant Teena Regan is subject to the jurisdiction of this Court.

8.    Defendant Edmond G. Haines ("Haines") is an individual and, upon information and belief, a resident of Cobb County, Georgia.  Upon information and belief Defendant Haines was and is a director, officer or agent of Defendant GCAS.

9.    Defendant Haines is subject to the jurisdiction of this Court.

10.    Defendant Puckett Emergency Medical Services, Inc. ("PEMS") is a Georgia corporation with its principal place of business in Cobb County, Georgia.

11.    Defendant PEMS is subject to the jurisdiction of this Court.

12.    Defendant Steven K. Puckett ("Puckett") is an individual and, upon information and belief, a resident of Cobb County, Georgia.  Upon information and belief, Defendant Puckett was and is a director, officer or agent of Defendant PEMS.

13.    Defendant Puckett is subject to the jurisdiction of this Court.

14.    Defendant Rickie S. Garrison ("Garrison") is an individual and, upon information and belief, a resident of Paulding County, Georgia.  Upon information and belief, Defendant Garrison was and is a director, officer or agent of Defendant PEMS.

15.    Defendant Garrison is subject to the jurisdiction of this Court.

16.    Defendant John D. Norton ("Norton") is an individual and, upon information and belief, a resident of Cobb County, Georgia.

17.    Upon information and belief, Defendant Norton was and is a director, officer or agent of Defendant PEMS.

18.    Defendant Norton is subject to the jurisdiction of this Court.

19.    Defendant Metro-Atlanta Ambulance Service, Inc. ("MAAS") is a Georgia corporation with its principal place of business in Cobb County, Georgia.

20.    Defendant MAAS is subject to the jurisdiction of this Court.

21.   Defendant Peter E. Quinones ("Quinones") is an individual and, upon information and belief, a resident of Cobb County, Georgia. Upon information and belief, Defendant Quinones was and is a director, officer or agent of Defendant MAAS.

22.   Defendant Quinones is subject to the jurisdiction of this Court.

23.   Defendant Michael Jernigan ("Jernigan") is an individual and, upon information and belief, a resident of Cobb County, Georgia. Upon information and belief, Defendant Jernigan was and is a director, officer or agent of Defendant MAAS.

24.   Defendant Jernigan is subject to the jurisdiction of this Court.

25.   Defendants John Does 1 – 5 are individuals whose names are unknown to Plaintiff at this time but who, upon information and belief were and are directors, officers or agents of Defendants GCAS, PEMS or MAAS.

26.   Defendants John Does 1 – 5 are subject to the jurisdiction of this Court.

27.   Defendants Regan, Regan, Haines, Puckett, Norton, Garrison, Quinones, Jernigan and Does 1 – 5 are directors, officers or agents of their respective companies. Therefore, pursuant to 15 U.S.C. § 24, each has individual liability for the illegal acts alleged.

-5-

28.    This is an action brought pursuant to 15 U.S.C. § 1 and 15 U.S.C. § 15 for

violations of the antitrust laws of the United States.  The jurisdiction of this court is

founded on those sections and on 28 U.S.C. § 1331, which provides this Court with

original jurisdiction over actions arising under the laws of the United States and 28

U.S.C. § 1337, which provides this Court with original jurisdiction over any action

arising under federal laws regulating commerce or protecting commerce against

restraints.

29.    All Defendants reside and transact business within the Atlanta Division of

the United States District Court for the Northern District of Georgia.  Therefore,

pursuant to 28 U.S.C. § 1391 and 15 U.S.C. § 22, venue is appropriate in this

Court.

## Federal Antitrust Violations

30.    Defendants GCAS, PEMS and MAAS operated licensed emergency medical

ambulance services.

31.    Plaintiff operated a licensed emergency medical ambulance service.

32.    Defendants  GCAS,  PEMS  and  MAAS  and  Plaintiff  operated  their

ambulance services in and around Cobb County, Georgia.  Said services were

provided to individuals who resided in Cobb County, Georgia and to those who

were visiting or passing through Cobb County, Georgia, including individuals who were traveling in interstate commerce.

33.     In return for their services, Plaintiff and Defendants GCAS, PEMS and MAAS accepted payment from federal agencies, such as Medicare and Medicaid, and from companies and individuals domiciled and/or residing outside the State of Georgia.

34.     Cobb County, Georgia ("Cobb County") is a political subdivision of the State of Georgia.   Cobb County has split the county into various geographic zones for emergency medical services and response ("911 zones"). The 911 zones were designated 1 through 5.

35.     District III Emergency Medical Services council ("District III EMS") is a State of Georgia governmental entity, being a subdivision of the Department of Human Resources.

36.     The responsibilities of District III EMS include certification/recertification of emergency medical personnel, licensure of ambulance services, first responder and neonate services, and provision of technical assistance in developing EMS in the district.   District III EMS carries out these responsibilities for Cobb County, Georgia.     Further, District III EMS designates which licensed ambulance companies can provide and/or respond to calls to 911.

37.    Between December 5, 2000 and April 26, 2001, Cobb County issued and advertised for various companies, including Plaintiff and Defendants, to submit statements of qualifications, proposals and sealed bids to service the various 911 zones.  The requests were designed to be a competitive process.

38.    Prior to April 26, 2001, Plaintiff and Defendants GCAS, PEMS and MAAS all provided competing ambulance and emergency medical services in and around Cobb County, Georgia.   Prior to April 26, 2001, Plaintiff and each Defendant operated in and provided services in more than one of the 911 zones.

39.    On or about April 26, 2001, Cobb County accepted sealed bids and statements of qualifications for ambulance services for the various 911 zones in the county.   Cobb County accepted sealed bids from Defendants GCAS, PEMS and MAAS.  Defendants Regan, Regan, Haines, Puckett, Norton, Garrison, Quinones, Jernigan and Does 1 – 5 prepared the sealed bids submitted by Defendants GCAS, PEMS and MAAS.

40.    Prior to submission of the sealed bids and statements of qualifications, Defendants met and conspired in a concerted effort to allocate the market of 911 zones and to fix the prices.  In effect, Defendants joined forces for the benefit of themselves and to the disadvantage of others, including Plaintiff and the competitive marketplace.

41.    Defendants conspired to block other ambulance companies from competing

for the zone contracts.

42.    Defendant PEMS's sealed bid states:

> Puckett EMS, Metro Atlanta Ambulance Service and
> Gold Cross EMS have submitted individual proposals for
> consideration as ambulance zone providers for the
> citizens and visitors of Cobb County.    Cumulatively,
> these three services have proposed to cover the 5
> response zones encompassing Cobb County.

43.    Defendant PEMS's sealed bid further provides that PEMS requests only

Zone 1.

44.    Defendant MAAS's sealed bid states:

> MetroAtlanta Ambulance Service, Puckett EMS and
> Gold Cross Ambulance Service have submitted
> individual proposals for consideration as ambulance zone
> providers for the citizens and visitors of Cobb County.
> Cumulatively, these three services have proposed to
> cover the five response zones encompassing Cobb
> County.

45.    Further, Defendant MAAS's sealed bid states that it seeks the contract for

Zones 3, 4 and 5.

46.    Defendant GCAS's sealed bid states that it was applying only for Zone 2 of

Cobb County.

47.    Thus, Defendant PEMS applied only for Zone 1; Defendant GCAS applied

only for Zone 2; and Defendant MAAS applied for Zones 3, 4, and 5.    In effect,

Defendants, acting in concert with one another, reserved sections of the market for themselves, as they saw fit and without consideration to competitive forces.

48. Each of Defendants proposed an identical base rate of $475.00 plus $7.00 per loaded patient mile.

49. Defendants' actions in conspiring to fix prices and allocate markets constitute a restraint of trade between competitors and, thus, are illegal *per se*.

50. The conspiracy and illegal acts of Defendants culminated on or about May 16, 2001, when, as a result of said conspiracy and illegal acts, Defendants GCAS, PEMS and MAAS were designated the sole emergency 911 ambulance providers in Cobb County, Georgia. It was not until or after May 16, 2001 that said conspiracy and illegal acts were discovered.

51. The acts of Defendants constitute a violation of 15 U.S.C. § 1.

52. The acts of Defendants, in allocating markets and fixing prices, caused an anticompetitive effect on ambulance services in Cobb County, Georgia, including but not limited to reduction in the number of companies competing for such business, reduction in the number of companies providing such services, diminution in quantity and quality of services and escalation in costs of services.

53. The acts of Defendants, in allocating markets and fixing prices and other antitrust violations, damaged Plaintiff in its business.

54.   The injury to Plaintiff's business was materially and directly caused by Defendants' antitrust violations.  Further, the type of injury Plaintiff suffered was the type that antitrust laws were designed to prevent.

## State Claims

55.   Paragraphs 1 though 44 are hereby realleged and incorporated as if fully set forth herein.

56.   Pursuant to 28 U.S.C. § 1367, this Court has subject matter over Plaintiff's state law claims against Defendants.

57.   The agreement of Defendants to allocate markets and fix prices constitutes a contract in restraint of trade, in violation of O.C.G.A. § 13-8-2 and in violation of O.C.G.A. § 16-10-22.  Said illegal contract damaged Plaintiff.

58.   The acts of Defendants, in conspiring to restrain trade, allocate markets and fix prices, constitute a breach of a legal duty, in violation of O.C.G.A. § 51-1-6. Plaintiff has been damaged by said breach.

59.   The acts of Defendant, in allocating markets and fixing prices, were improper and without privilege.  Defendants acted purposely and with malice with intent to injure Plaintiff's business.  Further, said improper acts of Defendants, in allocating markets and fixing prices, induced Cobb County not to enter into a business relationship with Plaintiff, thereby causing Plaintiff financial injury.

60.     The acts of Defendants, in conspiring to restrain trade, allocate markets and fix prices, were a combination of Defendants to commit an unlawful act.  The Defendants' acts amount to an illegal conspiracy which has damaged Plaintiff.

**WHEREFORE**, Plaintiffs request a trial by jury and pray for judgment against the Defendants as follows:

(a)     All damages Plaintiff suffered as a result of the illegal conduct of Defendants;

(b)     Treble damages against all Defendants;

(c)     Punitive damages against Defendants in an amount sufficient to punish them and further to deter others from engaging in similar behavior in the future, in an amount to be determined by the enlightened conscious of a jury;

(c)     For all attorneys' fees and costs incurred;

(d)     Such other further, general and equitable relief as this Court deems just.

COOK, HALL & LAMPROS, LLP

Attorneys for Plaintiff

By: _____
        ANDREW LAMPROS
        Georgia Bar # 432328

1230 Peachtree St. NE
Suite 3700
Atlanta, GA 30309
404/876-8100
Fax: 404/876-3477

-12-

This document was prepared in compliance with Local Rule 5.1 using Times New Roman 14 point font.